**UNITED STATES DISCTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | |
|---|---|
| NICOLE BRENEMAN, | ) |
| Plaintiff, | ) **CASE NO. 2:26-CV-00274** |
| | ) |
| | ) **JUDGE** |
| v. | ) |
| | ) |
| DEDICATED COLUMBUS OHIO LLC, ET AL, | ) **DEFENDANTS' NOTICE OF REMOVAL** |
| | ) |
| Defendants. | ) |
| | ) |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Dedicated Columbus Ohio, LLC ("Dedicated Columbus") and Seth Wilson ("Wilson" and with Dedicated Columbus, "Defendants") hereby file their Notice of Removal to this Court of an action pending against them in the Franklin County Court of Common Pleas. Removal is based on the following grounds:

1.      On or around August 13, 2025, Plaintiff Nicole Breneman ("Plaintiff") filed a lawsuit against Defendants in the Franklin County Court of Common Pleas entitled *Nicole Breneman v. Dedicated Columbus Ohio, LLC et al.*, Case No. 25CV006913 (the "State Court Action"). Plaintiff's Complaint purports to assert the following causes of action: (1) Sex Discrimination; (2) Retaliation; and (3) Aiding and Abetting Unlawful Discrimination. A copy of the Complaint and Summons are attached as **Exhibit A.**

2.      Defendant Dedicated Columbus was first served with a copy of the Complaint on or about February 7, 2026. A true and correct copy of the Return of the Service of Summons for Dedicated Columbus filed in the State Court Action is attached hereto as **Exhibit B.** No other process, pleading, or orders have been served on Defendants in this action.

3.      Defendant Wilson has not yet been properly served. While the Court's docket reflects that Defendant Wilson was served in October 2025, the corresponding proof of service

Page **1** of **6**

reflects a Columbus, Ohio address and is not signed by Defendant Wilson. In fact, Defendant Wilson is a resident and citizen of the State of Illinois and currently resides at 1337 Troon St. Flossmoor IL 60422. (Declaration of Seth Wilson, ¶ 2, attached hereto as **Exhibit C**).

4.      Removal of this action is timely as Defendants filed this Notice of Removal within thirty (30) days of the last Defendant's receipt of the Summons and notice of the State Court Action. *See* 28 U.S.C. § 1446.

## I.      Basis for Removal: Diversity Jurisdiction

5.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, and, therefore, may be removed to this Court under 28 U.S.C. § 1441(a)-(b).

6.      This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires that: (1) the parties on each side of the case are citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

## II.      The Citizenship of the Parties is Diverse

7.      Plaintiff is a citizen of the State of Ohio (Complaint, ¶ 6).

8.      For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).

9.      Defendant Dedicated Columbus is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business and headquarters located at 1395 NW 167th Street, Miami Gardens, Florida 33169. (Declaration of Natasha Schafer, ¶ 3, attached hereto as **Exhibit D**).

10.      Defendant Wilson is a resident and citizen of the state of Illinois. **Exhibit C**, ¶ 2.

11.     Because Plaintiff is a citizen of the State of Ohio, Defendant Dedicated Columbus is a citizen of the State of Florida, and Defendant Wilson is a citizen of the State of Illinois, complete diversity exists between Plaintiff and all Defendants.

12.     All Defendants are represented by the undersigned counsel in this matter and each Defendant joins in and consents to removal of this action.

**III.     The Amount In Controversy Exceeds $75,000.**

13.     The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the district court finds, by a preponderance of the evidence, that the amount in controversy is greater than $75,000.  28 U.S.C. § 1446(c)(2)(B).  A defendant seeking removal need only show that, assuming the plaintiff proves his or her claims, the amount in controversy "more likely than not" exceeds $75,000.  *See, e.g., Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (internal quotation omitted).

14.     Courts may consider actual/compensatory damages, punitive damages, and, in some cases, attorney's fees to determine whether the amount in controversy exceeds $75,000.  *See, e.g., Klepper v. First Am. Bank*, 916 F.2d 337, 340-41 (6th Cir. 1990); *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 573 (6th Cir. 2001).

15.     Although Plaintiff's Complaint does not specifically allege the total damages sought, Plaintiff pleads that she is seeking damages in an amount "exceeding $25,000" in the allegations set forth for each of her three claims. *See* Complaint, ¶¶ 28, 36, 43. Plaintiff's Complaint further prays for monetary damages including compensatory and punitive damages, costs, interest and attorney fees." (Id.).

16.     Although Defendants oppose Plaintiff's stated damages, aggregating the damages alleged ensures that the amount in controversy more likely than not exceeds $75,000 as set forth below.

17.     Plaintiff's claim for lost wages presumably contemplates loss of earnings, front pay, and back pay. At the time of her separation of employment, Plaintiff earned an annual salary of $107,500.00. (**Exhibit D**, ¶ 4).

18.     Plaintiff's employment ended on or around March 7, 2023. (Complaint, ¶ 20). Between March 7, 2023 and March 9, 2026 (the date of this filing), there have been approximately three (3) years of possible work had Plaintiff's employment with Defendant Dedicated Columbus not ended.  Based on Plaintiff's last salary, had she remained employed for the above-mentioned time period, she would have earned over $322,500.00.

19.     Assuming this case goes to trial in approximately 1 year from the date of this filing, Plaintiff's back pay claim will include an additional $107,500.00.

20.     Plaintiff also seeks attorney's fees. (*See*, Complaint at WHEREFORE ¶).) Requests for attorney's fees must be taken into account in ascertaining the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (affirming the "general principle of considering statutorily authorized attorneys' fees for purposes of establishing jurisdiction"). *See Johnson v. City of Clarksville*, 256 Fed. Appx. 782 (6th Cir. 2007) (holding that awarding legal fees of $250.00 per hour was reasonable because it did not depart from the prevailing market rate for legal services).

21.     Defendants anticipate that the parties will likely propound written discovery and that depositions will be taken in this case, and that ultimately Defendants will file a Motion for

Summary Judgment. Preparing for and responding to these actions alone are likely to trigger significant attorney's fees.

22. Therefore, if Plaintiff is successful in her claims, she could be entitled to an award of attorney's fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

23. Without making any admission as to the merits or lack thereof of Plaintiff's claimed damages, based on the prayer for relief contained in Plaintiff's Complaint, Defendants believe in good faith that Plaintiff's alleged damages exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a). Plaintiff's Complaint, therefore, seeks more than $75,000 in damages from Defendants, which satisfies the amount in controversy under 28 U.S.C. § 1332(a).

24. Accordingly, this Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.

**IV.** **Venue**

25. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1391.

26. This action is not a non-removable action as described in 28 U.S.C. § 1445.

27. Promptly after the filing of this Notice of Removal, Defendants will serve written notice of this removal on all parties and file a copy of this Notice of Removal with the Clerk of the Court of the Franklin County Court of Common Pleas as required by 28 U.S.C. § 1446 (d). A copy of the Notice of Filing Notice of Removal is attached as **Exhibit E**.

WHEREFORE, Defendants respectfully requests that the action pending against them in the Franklin County Court of Common Pleas be removed therefrom to this Court.

Respectfully submitted,

*/s/ Jantzen D. Mace*
Lauren Tompkins (0087304)
Key Tower
127 Public Square, Suite 4100
Cleveland, OH  44114
216.241.6100
216.357.4733 (FAX)
lauren.tompkins@ogletree.com

Jantzen D. Mace (0099005)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
KeyBank Building
88 E Broad Street, Suite 2025
Columbus, OH 43215
T: 614-494-0420
F: 614-633-1455
jantzen.mace@ogletree.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on March 9, 2026, a copy of the foregoing was electronically filed with the Clerk of Court using the Court's electronic filing system and served via electronic mail upon the following counsel of record:

J. Eric Holloway, Esq.
Nathaniel R. Miner, Esq.
Willis Spangler Starling
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
T: 614-586-7900
F: 614-586-7901
eholloway@willisattorneys.com
nminer@willisattorneys.com

*Attorneys for Plaintiff*

*/s/ Jantzen D. Mace*
*One of the Attorneys for Defendants*

Page **6** of **6**